UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL FLINSPACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:20-cv-304 |
| | ) |
| INDIANA QUARRIES AND | ) |
| CARVERS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Michael Flinspach ("Flinspach"), brings this action against Defendant, Indiana Quarries and Carvers, LLC ("Defendant"), for unlawfully violating his rights as protected by the Family and Medical Leave Act ("FMLA"), the Emergency Family and Medical Leave Act ("EFMLA"), the Emergency Paid Sick Leave Act ("EPSLA"), and the Fair Labor Standards Act ("FLSA").

**PARTIES**

2. Flinspach has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 2617(a)(2); and 29 U.S.C. §216(b).

5. Flinspach was an "employee" within the meaning of 29 U.S.C. §203(e) and 29 U.S.C. § 2611(3).

6. Defendant is an "employer" within the meaning of 29 U.S.C. §203(d) and 29 U.S.C.

§ 2611(4).

7. Flinspach was an "eligible employee" within the meaning of the EFMLA.

8. Flinspach was an "employee" within the meaning of the EPSLA.

9. Defendant was an "employer" within the meaning of the EFMLA and the EPSLA.

10. Defendant had less than 500 employees as of April 1, 2020.

11. Defendant had more than 50 employees as of April 1, 2020.

12. Since January 1, 2019, Defendant has employed 50 or more employees within a 75-mile radius of the location at which Flinspach worked.

13. Flinspach worked 1,250 or more hours in the 12-month period preceding April 9, 2020.

14. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

15. Defendant hired Flinspach in or about 2016.

16. Flinspach was an Extractor when Defendant fired him.

17. Flinspach's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

18. Flinspach is divorced and has joint custody of his children.

19. In or about March 2020, the schools where Flinspach's children attended closed due to COVID-19.

20. Flinspach's ex-wife worked a full-time job that required her, at times, to be away from home during the day.

21. Because of the school closures, and the unavailability of his ex-wife to take care of

the children, Flinspach made the decision that he needed to provide childcare for his children starting in April 2020.

22. On or about April 8, 2020, Flinspach coughed, and Defendant then sent him home for the day.

23. On or about April 9, 2020, Flinspach returned to work and told Defendant's Owner and President John Steckling ("Steckling") that he had determined it necessary to stay home and care for his children due to the closures of their schools, thereby triggering Defendant's obligation to provide leave to him under the EFMLA and EPSLA. He asked Steckling for FMLA paperwork.

24. Steckling responded to Flinspach's request for leave under the EFMLA and EPSLA by declaring that he was not going to permit Flinspach to stay home and get paid by Defendant. He then told him Defendant was firing him.

25. Defendant has accorded more favorable treatment to similarly-situated employees outside his protected classes.

26. Defendant took adverse employment actions against Flinspach because of his statutorily-protected conduct.

27. All reasons proffered by Defendant for adverse actions it took regarding Flinspach's employment are pretextual.

28. Flinspach has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

### VIOLATIONS OF THE FMLA AND EFMLA

29. Flinspach hereby incorporates paragraphs 1-28 of his Complaint.

30. Flinspach asked for FMLA paperwork.

31. Flinspach asked for leave under the EFMLA.

32. Defendant interfered with Flinspach's substantive rights under the FMLA and EFMLA.

33. Defendant took adverse employment actions against Flinspach because of his requests for FMLA paperwork and leave under the FMLA and EFMLA.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Flinspach's FMLA and EFMLA rights.

## COUNT II

### VIOLATIONS OF THE FLSA AND EPSLA

35. Flinspach hereby incorporates paragraphs 1-34 of his Complaint.

36. Flinspach asked for leave under the FLSA and EPSLA.

37. Defendant interfered with Flinspach's substantive rights under the FLSA and EPSLA.

38. Defendant took adverse employment actions against Flinspach because of his request for leave under the FLSA and EPSLA.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Flinspach's FLSA and EPSLA rights.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael Flinspach, by counsel, respectfully requests that this Court

find for him and order that:

1. Defendant reinstate Flinspach to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Flinspach;

3. Defendant pay all wages due and owing to Flinspach under the EFMLA and EPSLA;

4. Defendant pay liquidated damages to Flinspach;

5. Defendant pay compensatory and punitive damages to Flinspach;

6. Defendant pay pre- and post-judgment interest to Flinspach;

7. Defendant pay Flinspach's attorneys' fees and costs incurred in litigating this action; and

8. Defendant pay to Flinspach any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No.  21154-49
Shannon L. Melton, Attorney No. 29380-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
             bwilson@jhaskinlaw.com
             smelton@jhaskinlaw.com
Attorneys for Plaintiff
Michael Flinspach

## DEMAND FOR JURY TRIAL

Plaintiff, Michael Flinspach, by counsel, respectfully requests a jury trial for all issues deemed triable.

                                          Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570